IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PEGGY SUE KUMPF,

Plaintiff,

vs.

Civil Action No. 2:08 CV 63
(Maxwell)

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## ORDER

It will be recalled that the above-styled social security appeal was instituted on May 2, 2008, with the filing of a Complaint by Plaintiff Peggy Sue Kumpf.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.12 of the Local Rules of General Practice and Procedure.

On February 2, 2009, Magistrate Judge Seibert entered a Report And Recommendation (Docket No. 17) wherein he recommended that the Plaintiff's Motion For Judgment On The Pleadings be granted in part and denied in part; that the Defendant's Motion For Summary Judgment be granted in part and denied in part; and that the above-styled social security appeal be remanded to the Commissioner for further proceedings consistent and in accord with his Recommendation. In said Report And

Recommendation, the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation. Magistrate Judge Seibert's Report And Recommendation expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that no objections to Magistrate Judge Seibert's February 2, 2009, Report And Recommendation have been filed.

Upon consideration of said Report and Recommendation, and having received no written objections thereto[1], the Court accepts and approves the Report And Recommendation. Therefore, it is

**ORDERED** that Magistrate Judge Seibert's Report And Recommendation (Docket No. 17) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly,

1. The Plaintiff's Motion For Judgment On The Pleadings (Docket No. 12) is **GRANTED, in part, and DENIED, in part**;

2. The Defendant's Motion For Summary Judgment (Docket No. 14) is **GRANTED, in part, and DENIED, in part**; and

---

[1] The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

3. The Commissioner's decision is **REVERSED** solely on the issue of the Administrative Law Judge's failure to re-contact Dr. Corder, and the above-styled civil action is **REMANDED** to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with Magistrate Judge Seibert's Report And Recommendation. Specifically, the above-styled civil action is remanded with instructions that a consultative examination of the Plaintiff be conducted in order to resolve the conflicting evidence surrounding her fibromyalgia.

In accordance with Shalala v. Schaefer, 125 L.Ed.2d 239 (1993), it is further **ORDERED** that the Clerk of Court shall enter **JUDGMENT** reversing the decision of the Defendant and remanding the cause for a rehearing and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the Plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order to counsel of record.

**ENTER:** March 6, 2009

United States District Judge