IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


PEGGY SUE KUMPF,

              Plaintiff,

v.                                      Civil Action No. 2:08-CV-63


MICHAEL ASTRUE,
Commissioner of Social Security,

              Defendant.

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE DENIED**

## I.  Introduction

A.      <u>Background</u>

Plaintiff, Peggy Sue Kumpf, (Claimant), filed her application for award of attorney's fees

under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, on April 17, 2009.[1]

Commissioner filed his response on April 29, 2009.[2]  A hearing was set for May 26, 2009.[3]  The

hearing was held on that date.  Roger D. Forman appeared on behalf of Claimant and Beverly H.

Zuckerman on behalf of Commissioner.  Both parties appeared by telephone.

B.      <u>The Motion</u>

Claimant's Motion for Award of Attorney Fees under the Equal Access to Justice Act.

C.      <u>Recommendation and Order</u>

---

[1] Docket No. 20

[2] Docket No. 22

[3] Docket No. 23

I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED**.

## II. Facts

Claimant filed a Complaint on May 2, 2008 seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner.[4] Commissioner filed his Answer on July 15, 2008.[5] Claimant filed her Motion for Summary Judgment on August 14, 2008.[6] Commissioner filed his Motion for Summary Judgment on September 15, 2008.[7] This Court entered a report and recommendation on February 2, 2009, recommending that both Claimant's and Commissioner's motions be granted in part and denied in part and the claim be remanded for further administrative proceedings.[8] On March 6, 2009, the Honorable Robert E. Maxwell, United States District Judge, entered an order accepting and adopting the report and recommendation in its entirety.[9]

## III. Claimant's Application for Award of Attorney's Fees

A.      Contentions of the Parties

Claimant argues that she is entitled to an award of fees and costs incurred in the prosecution of her claim because the position of the Secretary was not substantially justified and

---

[4] Docket No. 1

[5] Docket No. 9

[6] Docket No. 12

[7] Docket No. 14

[8] Docket No. 17

[9] Docket No. 18

she has "prevailed" in the action. Claimant is aware that she briefed the Court on more issues than she prevailed, but she feels the issues raised were legitimate and continues to believe so. Claimant seeks an Order awarding attorney fees totaling $3,962.50.

Commissioner contends that his position in opposing an award of benefits was substantially justified. Specifically, Commissioner avers that this Court granted Claimant's summary judgment motion solely on the issue of the ALJ's failure to re-contact Dr. Corder. The ALJ attempted to re-contact Dr. Corder. Unfortunately, Dr. Corder had passed away. Commissioner maintains that it was not unreasonable for the ALJ to make a determination based upon the other substantial evidence of record. Commissioner also notes that this case involves a claim for DIB under Title II of the Act. Claimant's date of last insured for the purposes of DIB was December 31, 2006. The ALJ learned of Dr. Corder's death in 2007. Therefore, Commissioner argues, there would have been no reason for the ALJ to obtain an additional consultative examination as any clinical findings or medical source opinion evidence would not pertain to the time period on or before December 31, 2006. In the alternative, Commissioner argues that the amount of fees requested by counsel should be reduced because the number of hours requested is not reasonable.

B.    Applicable Law

A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially

justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; See also Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). Substantial justification means "justified in substance or in the main" - that is, justified to a degree that could satisfy a reasonable person. It does not mean justified to a high degree. Even losing arguments could commonly be found to be substantially justified. Pierce v. Underwood, 487 U.S. 552, 565-69 (1988). Substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 565 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The burden of showing substantial justification is on the government. Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988).

A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991). The amount of attorney's fees is within the discretion of the district court. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

C.    Discussion

### 1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court she succeeded on a significant issue in the litigation which achieved some of the benefit she sought in bringing the suit. Hensley, 461 U.S. at 433.

### 2. Timely Filing

The district court entered its order accepting and adopting the Undersigned's report and recommendation on March 6, 2009. The order advised that an application for attorney's fees

under EAJA must be filed within 90 days from the date of the order.[10]  Claimant filed her

application for attorney fees on April 17, 2009, along with an itemized statement detailing

counsel's work.  Claimant's application for attorney's fees was filed within the time frame set

out in the Court's order of March 6, 2009.  The motion was timely filed.

### 3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special

circumstances present that would make an award of fees unjust.

### 4. Substantial Justification

A party who prevails in litigation against the United States is entitled to attorney's fees

under EAJA if the government's position was not "substantially justified."  Crawford, 935 F.2d

at 656.  The Government bears the burden of proving "substantial justification."  Lively, 858

F.2d at 180.  In order to be substantially justified, Commissioner must rely on an arguably

defensible administrative record.  Crawford, 935 F.2d at 658.  The government can defeat a

claim for attorney fees by showing that its position had a reasonable basis in both fact and law.

Id., at 656 (citing Pierce, 487 U.S. at 565).

Therefore, the only issue in the present case is whether Commissioner's position in

support of the ALJ's opposing the awarding of benefits was substantially justified.

Commissioner maintains that he was substantially justified in defending the case and that he

---

[10] Generally, a party seeking an award of fees and expenses shall, within thirty days, of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated.  42 U.S.C. § 2412(d)(1)(B).

relied on a defensible administrative record in this case.

As reflected in the record, this Court found that substantial evidence supported the ALJ's determination on every issue with the exception of his failure to re-contact Dr. Corder. The District Court remanded the case only on this issue. Therefore, the Court finds that the Commissioner was per se substantially justified on all but one issue raised by Claimant because this Court ruled in the Commissioner's favor on them. However, despite this Court's remand order based upon the ALJ's handling of Dr. Corder's unfortunate passing, the ALJ's actions in this case are arguably defensible.

The ALJ in this case was initially ordered by Magistrate Judge Kaull to re-contact Claimant's treating physician, Dr. Corder, because Judge Kaull found that the ALJ's decision to give no weight to Dr. Corder's opinions was not supported by substantial evidence of record.[11] The ALJ, in response to Judge Kaull's Order, attempted to re-contact Dr. Corder. Realizing Dr. Corder had passed away, the ALJ made no attempt to clear the ambiguity in the record surrounding Claimant's fibromyalgia and Dr. Corder's illegible handwritten treatment notes.

"A position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce at 566 n. 2; Crawford, 935 F.2d at 656. Simply because the Commissioner loses a case does not presumptively mean that the Commissioner's position was not substantially justified. Id. at 657.

It is important to note the difference between the "substantial evidence" standard and the

---

[11] Magistrate Judge Kaull was particularly concerned with the fact that one of the reasons the ALJ cited for not giving much weight to Dr. Corder's opinion(s) was that his handwriting was illegible. (Tr. 330).

"substantially justified" standard. This Court's initial finding that substantial evidence did not

support the ALJ's decision regarding Claimant's fibromyalgia does not mean that the

government's position in pursuing the case was not substantially justified. Broussard v. Bowen,

828 F.2d 310, 311-12 (5th Cir. 1987). The test is whether arguably there was substantial

evidence to support the Government's position that Claimant was not entitled to benefits.

Crawford v. Sullivan, 935 F.2d at 657. Again, this Court does not believe the ALJ was entirely

correct, but the Court finds that the Government's position in this case was substantially

justified.

While this Court remanded the case for further analysis of Claimant's fibromyalgia, it

was not unreasonable for the ALJ to make a determination based upon the other substantial

evidence of record. In this case, the Court concludes the government's position the ALJ

properly considered Dr. Corder's opinion in accordance with 20 C.F.R. § 404.1527 (2008) was

substantially justified because the ALJ found that Dr. Corder's opinion was inconsistent with the

overall evidence and the ALJ believed Dr. Corder's opinion relied upon Claimant's subjective

complaints which the ALJ did not find credible. Furthermore, the fact that the ALJ did not

obtain a consultative examination does not mean that the government's position was

unreasonable.[12] The decision to obtain a consultative examination lies within the

Commissioner's discretion. See 20 C.F.R. 404.1527 (2008). This Court remanded with specific

instructions that Claimant undergo a consultative examination not because the ALJ improperly

relied on sufficient evidence already before him, but rather because a social security case should

---

[12] The Court finds compelling Commissioner's argument that this is a Title II case and therefore, any information gleaned from the consultative examination would have been inadmissible because it would have come after Claimant's date of last insured.

never hinge on the fact that a doctor's handwriting is illegible and that doctor is unavailable to clear up any ambiguity.

Accordingly, relief should be denied.

### IV.  Recommendation

Based on the forgoing, I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED**.  Commissioner's position was substantially justified, despite the District Court's remand order.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 2, 2009

/s/ James E. Seibert
JAMES E.  SEIBERT
UNITED STATES MAGISTRATE JUDGE